UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS BENCOMO, | ) | No. CV 12-6601 GW (FFM) |
| Petitioner, | ) ) ) | ORDER RE SUMMARY DISMISSAL OF ACTION |
| v. | ) ) | |
| DAVID SINGER, U.S. MARSHAL, | ) ) | |
| Respondent. | ) ) | |

On July 31, 2012, petitioner filed what is captioned a Petition for Writ of Habeas Corpus by a Person in Federal Custody. Petitioner alleges that he is a pretrial detainee currently being held at the Metropolitan Detention Center ("MDC"). Petitioner claims that he has injured his shoulder but that he is being denied medical treatment.

Petitioner's claim is not directed to the legality or duration of petitioner's current confinement. Rather, petitioner's claim is directed to conditions of confinement allegedly experienced by petitioner at MDC.

The Writ of Habeas Corpus is limited to attacks upon the legality or duration of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484-86 (1973)). "A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'" *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*,

411 U.S. at 498-99); *see also Young v. Kenny*, 907 F.2d 874, 875 n.1 (1990). Petitioner's claim as presently alleged does not implicate the legality or duration of confinement, but rather concerns the conditions of his confinement.

If petitioner wishes to pursue a civil rights action, he should use the appropriate form and pay the appropriate filing fee (or demonstrate that he is unable to pay the fee[1]).  Petitioner is advised that pursuant to 42 U.S.C. § 1997e(c) he must exhaust his administrative remedies before commencing his civil rights action.  In addition, any civil rights complaint filed by petitioner will be subject to screening, for purposes of determining whether the action is

---

[1] Petitioner is advised that if he files a Request to Proceed in Forma Pauperis with respect to a civil rights action and such request is granted, petitioner will only be excused from paying the full fee *in advance*.  Petitioner nonetheless would be required to make monthly payments on the fee until it is paid in full.  In this regard, 28 U.S.C. § 1915(b)(1) provides, in part:

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.  The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of -
> > (A) the average monthly deposits to the prisoner's account; or
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c).

   Pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Court, it is therefore ordered that this action be dismissed without prejudice.

DATED: August 19, 2012

_____
GEORGE H. WU
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
  FREDERICK F. MUMM
 United States Magistrate Judge